ORTIZ, APPELLANT, v. THE REGISTRAR OF GUAYAMA,
RESPONDENTT.

APPEAL from a Decision of the Registrar of Property Deny-
ing Admission to Record of a Judicial Deed of Sale.

No. 216.—Decided April 14, 1915.

JUDICIAL SALE—RECORD OF TITLE—MORTGAGE—JOINT CREDITORS—EXECUTION BY
ONE CREDITOR ONLY.—When it appears from the books of the registry that
the property sold in foreclosure proceedings, besides being liable for the
debt on which execution issued is also liable for other mortgage credits
secured by the same deed in favor of other persons and maturing on the
same date and the other creditors not having intervened in the foreclosure
proceedings and the proceeds of the execution sale not having been pro-
rated, the record should be denied, pursuant to the doctrine laid down in
the case of *American Trading Company* v. *Monserrat* and Act No. 31 of
1912, because the record could not stand as to the other creditors; neither
could a purchaser obtain a good title.

ID.—JUDGMENT—DEED—JURISDICTION.—As the validity of the title of the pur-
chaser at a judicial sale depends upon whether there was a due legal pro-
ceeding, it must be shown in the deed that the court acquired jurisdiction
over the defendant by transcribing the judgment from which the marshal
derived his authority.

The facts are stated in the opinion.

Mr. F. V. Rodríguez Ortiz for the appellant.

Mr. Felipe Cuchí Arnau, the respondent registrar, ap-
peared *pro se*.

MR. JUSTICE WOLF delivered the opinion of the court.

The note of the registrar from which this appeal is taken
is as follows:

"The record of this instrument is hereby denied inasmuch as it
appears from the registry that the property sold—in addition to
the mortgage debt which is being executed—is also liable for two
other mortgage credits which are all constituted in the same deed
and in favor of other persons, all expiring on the same date as the
one which is now executed; and inasmuch as it does not appear that
the other parties have intervened or that any division according
to *pro rata* was made as to the price obtained at the execution sale,
according to the provisions of section 1515 of the former Law of
Civil Procedure, and in view also that the judgment of the District
Court ordering the execution was not included in the deed, and

a cautionary notice is entered of this refusal in accordance with the Law of March 1, 1902.''

The appellant maintains that the other creditors secured by the same mortgage would be unaffected by the proposed record, as the mortgage would not be canceled. He further maintains that nullity of any proceeding must appear from the deed itself. The registrar, however, draws our attention to the fact that from the books of the registry it appears that the appellant was one of several creditors whose obligation matured on the same date, all secured by the same mortgage, without any notice of the suit begun by appellant being given to the other creditors, and without any attempt to prorate the proceeds of the auction sale. Under these circumstances, as the record could not stand as to the other creditors and a purchaser could not obtain a good title, we think it was the duty of the registrar, following the decision of this court in *American Trading Co.* v. *Monserrat,* 19 P. R. R., 929, and Act No. 31 of 1912, to refuse the record.

The other ground of refusal is perhaps more doubtful. The registrar in his brief says that the judgment in the suit was by default, but this statement of the registrar is not justified by the record. However, we do not know from the record what was the nature of the suit nor how the court acquired jurisdiction over the so-called ''successors or privies'' of José Collazo Vázquez, the original debtor in the obligation. As the title of the purchaser depends upon whether there was a due legal proceeding, we think that in the deed denied record it should have been shown that the court acquired jurisdiction over the defendants, and in any case the final judgment from which the marshal derived his authority should have been included.

The note appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.